UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WEATHERFORD SWITZERLAND TRADING
AND DEVELOPMENT GMBH, solely in its
capacity as Administrative Agent of a certain        Case No: 1:23-cv-10703-LJL
indenture dated as of June 28, 2016;
WEATHERFORD LATIN AMERICA, S.C.A.,

                               Plaintiffs,

                   v.

PETRÓLEOS DE VENEZUELA, S.A. AND
PDVSA PETRÓLEO, S.A.,

                               Defendants.
-----------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANTS' <u>REQUEST FOR RULE 56 (D) RELIEF</u>**

COHEN TAUBER SPIEVACK & WAGNER P.C
420 Lexington Ave., Suite 2400
New York, New York 10170
Tel.: (212) 381-8729

*Attorneys for Weatherford Latin America, S.C.A. and Weatherford Switzerland Trading and Development GmbH*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................ ii
PRELIMINARY STATEMENT .................................................................................................... 1
ARGUMENT .................................................................................................................................. 2
I.   PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ..................................... 2
II.  DEFENDANTS FAIL TO MAKE A SHOWING TO JUSTIFY RELIEF UNDER
     FED. R. CIV P. 56(d)......................................................................................................... 6
CONCLUSION ............................................................................................................................. 12

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*All Am. Tel. Co., Inc. v. AT &T Corp.*,
 328 F. Supp. 3d 342 (S.D.N.Y. 2018) ...................................................................................6

*In re Ampal-Am Israel Corp.*,
 No. 12-13689 (CMB), 2015 WL 5176395 (Bankr. S.D.N.Y. Sept. 2, 2015)
 *aff'd sub nom. In re Ampal-Am. Israel Corp.*, 677 F. App'x 5 (2d Cir. 2017) ..........................8

*Aurora Loan Servs., Inc. v. Posner, Posner & Assocs., P.C.*,
 513 F. Supp. 2d 18 (S.D.N.Y. 2007) .....................................................................................4

*Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*,
 215 F.3d 219 (2d Cir. 2000) ..................................................................................................4

*CAMOFI Master LDC v. Coll. P'ship, Inc.*,
 452 F. Supp. 2d 462 (S.D.N.Y. 2006) ................................................................................2, 3

*Cumis Ins. Soc., Inc. v. Dominic*,
 No. 95 CIV 10221 (SS), 1997 WL 151120 (S.D.N.Y. Apr. 1, 1997) .....................................9

*Faunus Grp. Int'l, Inc. v. Ramsoondar*,
 No. 13 CV 6927 HB, 2014 WL 2038884 (S.D.N.Y. May 16, 2014) ...................................10

*Kel Kim Corp. v. Cent. Mkts., Inc.*,
 70 N.Y.2d 900 (1987) ..........................................................................................................11

*Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Mgmt., Inc.*,
 No .04 CV 2293(JFB)(SMG), 2007 WL 74304 (E.D.N.Y. Jan. 8, 2007) ..........................3, 4

*Longview Equity Fund, LP v. McAndrew*,
 No. 06 CIV 4304 (GEL), 2007 WL 186769 (S.D.N.Y. Jan. 23, 2007) ..................................9

*Lunts v. Rochester City Sch. Dist.*,
 515 Fed. App'x 11 (2d Cir. 2013) ..........................................................................................8

*Mack v. Hall*,
 No. 18 CV 0875, 2020 WL 5793438 (N.D.N.Y. July 27, 2020) ............................................4

*MM Arizona Holdings LLC v. Bonanno*,
 658 F. Supp. 2d 589 ...............................................................................................................8

*Nat'l Union Fire Ins. Co. v. Keenan*,
 No. 93 Civ. 6784 (LLS), 2005 WL 736233 (S.D.N.Y. Mar. 31, 2005) ..................................3

*Nieves v. Just Energy New York Corp.*,
 No. 17-CV-561S, 2020 WL 6720871 (W.D.N.Y. Nov. 16, 2020) ............................................8

*Paddington Partners v. Bouchard*,
 34 F.3d 1132 (2d Cir. 1994) ....................................................................................................6

*Red Tree Invs., LLC v. Petróleo s de Venezuela, S.A.*,
 No. 19-CV-2519 (PKC), 2021 WL 6092462, (S.D.N.Y. Dec. 22, 2021),
 *aff'd*, 82 F.4th 161 (2d Cir. 2023) ...............................................................................9, 11, 12

*Red Tree Invs., LLC v. Petróleos de Venezuela, S.A.*,
 82 F.4th 161 (2d Cir. 2023) ...............................................................................................10, 11

*Searles v. First Fortis Life Ins. Co.*,
 98 F. Supp. 2d 456 (S.D.N.Y. 2000) .........................................................................................4

*Siemens Energy Inc. v. Petroeleos De Venezuela, S.A. el al*,
 82 F.4th 144 (2d Cir. 2023) ...............................................................................................10, 11

*Tabatznik v. Turner*,
 No. 14-cv-8135 (JFK), 2016 WL 1267792 (S.D.N.Y. Mar. 30, 2016) .....................................2

*Toure v. Cent. Parking Sys. of New York*,
 No. 05 CIV 5237(WHP), 2007 WL 2872455 (S.D.N.Y. Sept. 28, 2007) .................................4

*Tradax Energy, Inc. v. Cedar Petrochemicals, Inc.*,
 317 F. Supp. 2d 373 (S.D.N.Y. 2004) .......................................................................................4

*UMB Bank N.A. v. Bluestone Coke, LLC*,
 No. 20-cv-2043, 2020 WL 6712307 (S.D.N.Y. Nov. 16, 2020) (Liman, J.) ............................3

*Valley Nat'l Bank v. Oxygen Unlimited*,
 No 10 Civ. 5815 (GBD), 2010 WL 5422508 (S.D.N.Y. Dec. 23, 2010) ..................................2

*Vis Vires Grp., Inc. v. Endonovo Theraputics, Inc.*,
 No. 16-cv-470 (ADS)(AYS), 2016 WL 6238528 (E.D.N.Y. Oct. 24, 2016) ............................6

### Other Authorities

42 U.S.C. § 1983 ................................................................................................................................4

CPLR § 3213 .........................................................................................................................1, 2, 6

Fed. R. Civ. P.

Rule 56 (d) .................................................................................................................. passim

Rule 26(d)(2)(B) .................................................................................................................8

Rule 26(f) ......................................................................................................................................8

Rule 34 .........................................................................................................................................8

iv

**PRELIMINARY STATEMENT**

In their moving brief Plaintiffsestablished the existence of an instrument for the payment of money only, *i.e.*, the Note as well as Petróleo's Guarantee, signed by PDVSA's authorized signatory.[1] The Note provides the amount of principal issued, the total amount due, and PDVSA's "promise to pay" on specific Repayment Dates the amounts set forth in Exhibit A to the Note. Petróleo "absolutely, irrevocably and unconditionally" guaranteed PDVSA's payment obligations under the Note to Plaintiff Weatherford Latin America. The evidence presented also established Defendants' failure to make the required payments to satisfy the outstanding obligations under the Note and Guarantee.

In response, Defendants present no evidence showing that they did not enter into the Note and Guarantee, that they did not fail to satisfy their payment obligations under those instruments, or that Plaintiffs' proof is a sham. Rather, Defendants argue that Weatherford Vice President and Treasurer Max Kricorian's affidavit annexing the Note and Guarantee and documents regarding Defendants' default is inadmissible. But as shown below, Mr. Kricorian can authenticate the Note and Note Agreement that he holds in his custody and can testify based on knowledge from his review of the company's records. And, in any event, Weatherford also submits the declaration of the OTC manager of Weatherford Latin America who was present when the Note Agreement was signed and has firsthand knowledge of Defendants payments, and lack of payments, under the Note and can further authenticate all the records submitted. Plaintiffs have thus submitted sufficient admissible evidence showing that there is no genuine issue of material fact that Defendants' failed to make the required payments under the Note and Guarantee.

---

[1] Defined terms shall have the same meaning as in Plaintiffs' Memorandum of Law in Support of their Motion Pursuant to CPLR § 3213.

1

Defendants merely seek to delay resolution of this case by claiming that they need discovery on certain defenses. But, as shown below, the discovery they seek either relates to issues and defenses that are precluded as a matter of law and/or contract (such as information related to the formation of the Note Agreement and consideration for the Note), or relate to the potential defense of impossibility – which courts in this district (and throughout the Second Circuit) have held is not available to Defendants in cases involving the virtually identical Note Agreement and Note at issue here.

Accordingly, the Court should grant Plaintiffs' motion and deny Defendants' application for Rule 56(d) relief.

## ARGUMENT

**I.     PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT**

CPLR 3213 authorizes the commencement of an action by summary judgment in lieu of complaint where the action is "based upon a judgment or instrument for the payment of money only." CPLR 3213. Upon removal to federal court, a CPLR 3213 motion is converted to a motion for summary judgment under Fed. R. Civ. P. 56. See *Tabatznik v. Turner*, No. 14-cv-8135 (JFK), 2016 WL 1267792 at *4 n.2 (S.D.N.Y. Mar. 30, 2016).

Under New York law, a *prima facie* case for recovery on a promissory note requires proof of (i) a valid note and (ii) the defendant's failure to make payment. *CAMOFI Master LDC v. Coll. P'ship, Inc.*, 452 F. Supp. 2d 462, 470 (S.D.N.Y. 2006) ("A promissory note stands on its own and establishes the plaintiff's right to payment"); *Valley Nat'l Bank v. Oxygen Unlimited*, No 10 Civ. 5815 (GBD), 2010 WL 5422508, at * 3 (S.D.N.Y. Dec. 23, 2010) ("To succeed on a motion for summary judgment, a plaintiff suing on a promissory note need to merely establish the absence of a genuine issue as to the execution and default.") (quotations omitted). To recover on a guaranty, the plaintiff need only show "the existence of the guaranty, the underlying debt

and the guarantor's failure to perform under the guaranty." *UMB Bank N.A. v. Bluestone Coke, LLC*, No. 20-cv-2043, 2020 WL 6712307 at *4 (S.D.N.Y. Nov. 16, 2020) (Liman, J.)(quotations omitted.)

Where a noteholder has established a *prima facie* case, the burden shifts to the defendant to prove "the existence of a triable issue of fact in the form of a bona fide defense against the note." *Nat'l Union Fire Ins. Co. v. Keenan*, No. 93 Civ. 6784 (LLS), 2005 WL 736233, at *1 (S.D.N.Y. Mar. 31, 2005) (quotations omitted). To establish a *bona fide* defense, a defendant "may not rely on conclusory allegations, but instead must show by admissible evidence a genuine and substantial issue rebutting [creditor's] entitlement to payment." *CAMOFI,* 452 F. Supp. 2d at 471 (quotations omitted).

Plaintiffs have established a *prima facie* case for recovery on summary judgment. Judgment in their favor should be awarded because there is no question the Note Agreement and Note are valid instruments for the payment of money only, and Defendants have not made all the required payments under the agreement. Defendants have not presented any evidence refuting either of those facts, nor have they put forth any other viable defense. The Court should therefore grant summary judgment in Plaintiffs' favor.

Defendants' contention that evidence submitted by Weatherford is insufficient is without merit. It is well settled that an officer of a company can submit a declaration based on personal knowledge obtained from a review of his company's records. See *Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Mgmt., Inc.*, No.04 CV 2293(JFB)(SMG), 2007 WL 74304 at *2 (E.D.N.Y. Jan. 8, 2007) (position at the company qualified witness to review the relevant business materials in his official capacity and make sworn statements based upon those

3

materials) (citations omitted); *Searles v. First Fortis Life Ins. Co.*, 98 F. Supp. 2d 456, 461 (S.D.N.Y. 2000)(same).  Kricorian's affidavit meets this standard.

Plaintiffs submit the reply declarations of Max Kricorian and Ysaura Ocando.[2]  Kricorian has been aware of and familiar with the Note Agreement and Note since his time as Controller for Weatherford Latin America.  (Declaration of Max Kricorian, dated March 4, 2024 ("Kricorian Decl.") ¶ 6) )  When Kricorian succeeded Joshua Silverman as Assistant Treasurer of Weatherford in May 2021, Silverman transferred his responsibilities to Kricorian, updated him on the status of the Note, and transferred his role as custodian of the Note Agreement and Note, which are secured in a safe at Weatherford's offices in Houston Texas.  (*Id*. ¶ 7.)  Kricorian has the combination code for the safe, and personally removed the original documents with original

---

[2] Contrary to Defendants' contention, it is well settled that Plaintiffs may submit reply declarations to respond to arguments made in an opposition brief.  *See Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226–27 (2d Cir. 2000)( (reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party.") (citations omitted); *Koon Chun Hing Kee,* 2007 WL 74304 at *3 (allowing moving party to submit two reply declarations providing details of the company's record keeping in response to challenge to the authenticity of business records submitted with a summary judgment motion.); *Toure v. Cent. Parking Sys. of New York*, No. 05 CIV 5237(WHP), 2007 WL 2872455, at *2 (S.D.N.Y. Sept. 28, 2007)(denying motion to strike 6 reply declarations where "the disputed materials do not raise new arguments, but rather respond to issues raised in opposition or amplify points already made on the initial motion."); *Tradax Energy, Inc. v. Cedar Petrochemicals, Inc.*, 317 F. Supp. 2d 373, 379 (S.D.N.Y. 2004) (permitting plaintiff to submit additional affidavits to establish that documents in question were business records even after the motion for summary judgment was fully submitted, "in an effort to efficiently advance th[e] litigation.").  Moreover, to the extent Defendants seek relief pursuant to Rule 56(d), Plaintiffs may submit evidence in opposition to that application.

The cases cited by Defendant are inapposite.  In *Aurora Loan Servs., Inc. v. Posner, Posner & Assocs., P.C.*, 513 F. Supp. 2d 18, 20 (S.D.N.Y. 2007), the moving party submitted 59 new exhibits with its reply brief.  In *Mack v. Hall*, No. 18 CV 0875 (GLS/CFH), 2020 WL 5793438 at *6  (N.D.N.Y. July 27, 2020), *report and recommendation adopted*, No. 18 CV 875 (GLS/CFH), 2020 WL 5775205 (N.D.N.Y. Sept. 28, 2020) -- a 42 U.S.C. § 1983 action initiated by a *pro se* plaintiff -- the court *granted* defendants' motion for summary judgment but noted that in doing so it did not rely on an affidavit defendants submitted on reply because plaintiff had not had an opportunity to respond.

signatures and made photocopies of the documents before returning them to the safe. (See *Id*. ¶ 8, Declaration of Sari Kolatch, dated March 5, 2024 ("Kolatch Decl." Exhibits 7 and 8.)

Ysaura Ocando was the OTC (order to cash) manager for Weatherford Latin America in Weatherford's Venezuela office when the Note Agreement was executed, and PDVSA issued the Note. (Declaration of Ysaura Ocando, dated March 4, 2024 ("Ocando Decl.") ¶¶ 3, 4). She has firsthand knowledge of the Note Agreement and Note, personally prepared the list of Novated Receivables attached to the Note Agreement, and was present at PDVSA's offices in Caracas, Venezuela on or about June 28, 2016, when Weatherford signed the Note Agreement, and the Note was issued. (Id. ¶¶ 7-9.) As the person responsible for monitoring PDVSA's payments under the Note, Ocando has personal knowledge of both PDVSA's payments and its default. (*Id*. ¶ 11.) Ocando confirmed the payments that PDVSA made under the Note, including the December 2017 payment made on January 18, 2018 in euros through Novo Banco. (*Id*. ¶¶ 11, 12, Exhibit 9 to Kolatch Declaration.) This was the last payment PDSVA made pursuant to the Note. (*Id*. ¶ 13.)

Ocando was copied on the transmission to PDVSA of the Notices of Default and Acceleration, as well as additional communications from Weatherford's Assistant Treasurer to PDVSA. (Id. ¶ 16.) Ocando was also copied on the November 5, 2018, email to PDVSA, in which Silverman informed PDVSA that JP Morgan would accept payments in euros through Gazprom Bank and included a letter detailing the amounts due (in euros) and payment instructions. (*Id*. ¶¶ 21, Kolatch Decl., Exhibit. 10.) The letter provided details for PDVSA to make payment through Gazprom Bank and calculated the amount of payment in euros. (*Id*.) PDVSA did not send payment through Gazprom Bank – or any other bank – and made no further

5

payments on the Note.  (Ocando Decl. ¶ 22 )  Weatherford also did not receive any payments from Petróleo  (*Id*.)

Thus, Weatherford's admissible evidence establishes the existence of the negotiable instruments (*i.e*, the Note and Guarantee) and Defendants' failure to make the required payments under the Note and Guarantee. There is no genuine issue of material fact, and the Court should grant summary judgment in Plaintiffs' favor.

## II. DEFENDANTS FAIL TO MAKE A SHOWING TO JUSTIFY RELIEF UNDER FED. R. CIV P. 56(d)

Pursuant to Fed. R. Civ. P. 56(d), where a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential for its opposition to summary judgment, a court may defer considering the motion, deny it, allow the non-movant more time to obtain affidavits or take discovery, or issue any other appropriate order.  Rule 56(d) requires far more than the non-movant simply claiming that it has not had discovery or that it wants more discovery.  *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994) (affirming district court's denial of request for discovery in response to summary judgment motion under predecessor to Rule 56(d) and noting that party's attempt to use that rule "to find out if it has a claim, rather than that is has a claim for which it needs additional discovery" is a "divagation [that] is decidedly not the object of discovery procedures outlined in the Federal Rules of Civil Procedure.")  Moreover, "a party cannot weaponize Rule 56(d) to fish for evidence in hopes of finding out whether it has a claim." *All Am. Tel. Co., Inc. v. AT &T Corp.*, 328 F. Supp. 3d 342, 358 (S.D.N.Y. 2018).

No discovery will enable Defendants to obtain information to rebut Plaintiff's entitlement to summary judgment here.  *See Vis Vires Grp., Inc. v. Endonovo Theraputics, Inc.*, No. 16-cv-470 (ADS)(AYS), 2016 WL 6238528, at *7 (E.D.N.Y. Oct. 24, 2016)(noting that CPLR § 3213

6

"is premised on the view that genuine issues of fact for trial will generally be less likely to exist – and therefore, traditional litigation will be obviated – where the entire action is based on an instrument promising to pay a sum of money.")

Defendants rely on the declaration of Horacio Medina, President of the Ad-Hoc Board of PDVSA to support their Rule 56(d) application. Medina claims that neither the Note nor the Note Agreement are in the unspecified "books and records" to which Defendants have access. (*Id*. ¶ 24). But according to the Note Agreement, Defendants were represented by the law firm of Hogan & Lovells with respect to those documents. (See Dkt. 1-6 §§ 2.01, 4.01(a) (identifying Hogan Lovells US and Hogan Lovells S.C. as "each counsel for the Issuer and Guarantor."). Hogan & Lovells also represented Defendants in multiple lawsuits in this district—including lawsuits involving the enforcement of virtually identical notes and note agreement.[3] This was during the period when the Medina's Ad-Hoc Board directed all U.S. litigation. (Dkt. 13 ¶ 19, 20). Notably Medina does not claim that Defendants made any effort to contact their former law firm and request a copy of the Note and Note Agreement.

Rather than take even the most basic step to obtain a copy of these documents, Defendants essentially concede that they want to undertake a fishing expedition claiming generally that discovery "will allow Defendants to raise questions of material facts on various issues."[4] (Dkt. 12 at 17.)

---

[3] The cases include, without limitation, *Siemens Energy Inc. v. Petroeleos De Venezuela, S.A. el al*, 19-cv-2689; *Red Tree Investments, LLC v. Petroeleos De Venezuela, S.A. et al.*, 19-cv-02523; *Cimontubo - Tubagens E Soldadura, LDA v. Petroleos De Venezuela, S.A. et al*, 20-cv-05382, and the Second Circuit appeal of each of these cases.

[4] Defendants erroneously state that they served discovery and were awaiting a response. Discovery has not been served in this case. While a party can "deliver" early Rule 34 discovery within 21 days after service of a complaint, the requests are not considered served until the parties first Rule 26(f) conference. *See* Rule 26(d)(2)(B); *Nieves v. Just Energy New York Corp.*, No. 17-CV-561S, 2020 WL 6720871, at *2

7

Defendants do not adequately explain how the broad discovery they seek would demonstrate a genuine issue of material fact, which is an essential element to relief pursuant to Rule 56(d).  *See Lunts v. Rochester City Sch. Dist.*, 515 Fed. App'x  11, 14 (2d Cir. 2013).  Their speculative theories on what potential defenses may be available are insufficient to warrant Rule 56(d) relief.  Defendants cannot simply assert generally in an affidavit that discovery may provide them with defenses or create a genuine issue of fact.  Rather, Defendants "must provide some sort of indication of the facts that they are seeking and how their proposed discovery will support those facts."  *MM Arizona Holdings LLC v. Bonanno*, 658 F. Supp. 2d 589, 596-97.  Defendants fail to carry their burden.

*First*, they claim they need information regarding the *formation* of the Note Agreement and the novation agreement that is the consideration for the Note Agreement.  But this is not material to the dispute.  *See In re Ampal-Am Israel Corp.*, No. 12-13689 (CMB), 2015 WL 5176395 at *14 (Bankr. S.D.N.Y. Sept. 2, 2015) *aff'd sub nom. In re Ampal-Am. Israel Corp.*, 677 F. App'x 5 (2d Cir. 2017) (granting plaintiff's summary judgment and denying defendant's competing motion under Rule 56(d) where defendants sought to take discovery related to the execution of the note and guaranty because "extrinsic evidence relating to the" note and guaranty "are inadmissible because the [note and guaranty] are unambiguous" and defendants' proposed discovery "would not elicit any evidence material to the dispute" and "would serve no purpose other than to delay resolution of the matter further.")  The same is true here.

---

(W.D.N.Y. Nov. 16, 2020)  The parties have not had a Rule 26(f) conference, nor has there been any Court order or stipulation providing for discovery.  (Kolatch Decl. ¶ 6.).

*Second*, Defendants speculate that they may have a defense of lack of consideration. The Note Agreement sets forth the consideration – which is Weatherford's release of PDVSA and certain of its affiliates from their obligations to pay the accounts receivable due to Weatherford. (Dkt 1-6 at p. 1). Indeed, the Note provides that it is "FOR VALUE RECEIVED." (See Dkt. 1-5). Thus, Defendants are precluded from asserting a defense of lack of consideration. *See Longview Equity Fund, LP v. McAndrew*, No. 06 CIV 4304 (GEL), 2007 WL 186769, at *3 (S.D.N.Y. Jan. 23, 2007) (under New York law, where the Notes state that they are for value received, "a party executing a promissory note containing such a statement is precluded from denying receipt of the consideration recited therein.")(cleaned up). *see also Cumis Ins. Soc., Inc. v. Dominic*, No. 95 CIV 10221 (SS), 1997 WL 151120, at *3 (S.D.N.Y. Apr. 1, 1997)(having recited valuable consideration in the agreement defendant is estopped from denying its receipt.)(cleaned up).

Petróleo is also precluded from asserting this defense under the terms of the Guarantee because its Guarantee was" unconditional and absolute and not subject to any reduction, limitation, impairment or termination for any reason (other than the indefeasible payment in full in cash of the Guaranteed Obligations)" and it waived all other defenses.[5] (Dkt. 1-6 §§ 6.03, 6.04). *See also Red Tree Invs., LLC v. Petróleo s de Venezuela, S.A.*, No. 19-CV-2519 (PKC), 2021 WL 6092462, at *8 (S.D.N.Y. Dec. 22, 2021), *aff'd*, 82 F.4th 161 (2d Cir. 2023) (granting summary judgment against Petróleo and denying Rule 56(d) relief where in the note agreement

---

[5] Defendants note that the correspondence with PDVSA does not mention Petróleo. The Note Agreement does not require any separate notices to Petróleo. (Dkt. 1-6 at § 8) In any event, Petróleo has the same contact information for Notices under the Note Agreement as PDVSA. (*Id*. at § 9.01)

9

(containing the identical language as the Note Agreement here) Petróleo waived any defense to enforcement of the guaranty as against it.)[6]

*Third*, PDVSA claims that it requires discovery on its defense of impossibility.[7] But this defense has already been litigated, and both the district court and the Second Circuit have found that PDVSA cannot avail itself of the impossibility defense.[8] As the Second Circuit held, in affirming summary judgment against PDVSA on appeal in the *Red Tree* matter, to succeed on this defense PDVSA must show that "it took virtually every action within its power to perform its duties under the contract" and that "despite those efforts, performance was objectively impossible." *Red Tree Invs., LLC v. Petróleos de Venezuela, S.A.*, 82 F.4th 161, 171 (2d Cir. 2023) "[D]ifficulty or improbability of accomplishing the stipulated undertaking is not enough to make out an affirmative defense of impossibility. Rather, it must be shown that the thing cannot by any means be effected, and nothing short of this will excuse nonperformance." *Id*.

The Second Circuit further held that PDVSA did not establish that it took every action to perform because it failed to obtain an opinion from reputable U.S. counsel that payments did not

---

[6] Defendants' reliance on *Faunus Grp. Int'l, Inc. v. Ramsoondar*, No. 13 CV 6927 HB, 2014 WL 2038884, at *2 (S.D.N.Y. May 16, 2014) is misplaced. The guaranty in that case did not contain a waiver of defenses and thus the guarantors' affirmative defenses were not barred.

[7] The impossibility defense is not available to Petróleo because of its waiver of defenses. (Dkt. 1-6 §§ 6.03, 6.04)

[8] Defendants acknowledge that they have previously raised the impossibility defense unsuccessfully (Dkt. 12 at n. 16) but contends that the decisions in those cases relied on the bank policies that were applicable there. Not so. The *Red Tree* and *Siemens Energy, Inc. v. Petróleo s de Venezuela, S.A.*, 82 F.4th 144 (2d Cir. 2023) decisions are not specific to a particular bank policy and, as discussed, make findings that are equally applicable here.

Defendants note that a motion for summary judgment is pending on PDVSA's impossibility defense in the *Lovati* action, but there PDVSA urged the Court to disregard *Red Tree* and *Siemans* because those cases (like this one) involve a private note agreement and *Lovati* involves bonds issued under Indentures, and the language of the Indentures and the payment mechanism was different. (See *Lovati v. PDVSA*, Case No. 19-cv- 04799 at Dkt 146 at 16-18.) .

violate sanctions or provide a letter of credit or indemnify financial institutions for any losses sustained.  (*Id.* at 172 ).  *See also Siemens Energy,* 82 F.4th at 160 (2d Cir. 2023)(finding, *inter alia*, that PDVSA cannot show that payment was "objectively impossible" because it did not attempt to make payment by check as prescribed in section 2.08 of the Note Agreement.)[9]  Thus, the Second Circuit has already ruled that PDVSA's failure to undertake these measures precludes a finding of a genuine issue of material fact as to impossibility.  The same is true here.

The defense of impossibility also is unavailable because, "the impossibility must be produced by an unanticipated event that could not have been foreseen or guarded against in the contract."  *Red Tree Invs.*, 2021 WL 6092462, at *4 (citing *Kel Kim Corp. v. Cent. Mkts., Inc.*, 70 N.Y.2d 900, 902 (1987).)  As Defendants acknowledge, at the time the parties entered into the Note Agreement, E.O. 13692 had already been issued.  (Dkt. 12 at 12)  In *Red Tree*, Judge Stanton granted summary judgment, finding, *inter alia*, that the expansion of sanctions was foreseeable and that Defendants "could have guarded against the contingency of expansion of sanctions but did not."  *Id.* at * 6.  Instead, the note agreement in *Red Tree* – and here – provides that PDVSA will maintain all government "approvals" and "licenses" necessary for it to make the required payments.  (*Id*.) (quoting § 5.03 of note agreement).  Section 5.03 of the Note Agreement contains the identical language as in *Red Tree*.  (*See* Dkt . 1-6, § 5.03.)

This provision shows that the parties contemplated that PDVSA's activities could have been subject to sanctions imposed by OFAC and they could have – but did not – contractually excuse or postpone performance in that eventuality.  *Red Tree Invs.*, 2021 WL 6092462, at *7.  Nor did the note agreement in *Red Tree* – or here – excuse performance if members of the

---

[9] Section 2.08 of the Note Agreement does not limit PDVSA's payment to bank transfer, and it could have made payment to Weatherford by check.  (Dkt. 1-6, § 2.08).

banking community were reluctant to process lawful payments. *Id*. Thus, Judge Stanton found that PDVSA could not meet its burden to establish the defense of impossibility, and the same is true here.

There is no need to go through the exercise regarding which other banks may or may not have agreed to process payments from PDVSA because the impossibility defense is unavailable for all of the *other* reasons set forth in the *Red Tree* and *Seimens* decisions – which are equally true here. Moreover, PDVSA made the September and December 2017 payments on the Note after E.O. 13808 was issued; thus it was not impossible for PDVSA to make payments as a result of the sanctions. (Kricoran Aff. (Dkt 1-4), ¶ 8, Ocando Decl. ¶ 12 ) *See Red Tree*, 82 F.4th at 171. (noting that PDVSA successfully made payments *following* the issuance of E.O. 13808, therefore the fact that a bank rejected payment "at most…suggests that the issuance of sanctions made payment more difficult, not impossible.")

Defendants speculate that perhaps payment was impossible because Weatherford Latin America was the ultimate recipient of PDVSA's payments. (*See* Dkt. 12 at 21.) But E.O. 13808, prohibits certain new financing transactions with the Government of Venezuela --Weatherford Latin America is not an agency or instrumentality of Venezuela, and the Note is not new financing. In any event, the Note Agreement provides for payments to Weatherford GmbH (a company organized under the laws of Switzerland) not Weatherford Latin America. (Dkt. 1-6 at § 2.05, Schedule 2.08).

## **CONCLUSION**

For the foregoing reasons, and those set forth in Plaintiffs' Motion, this Court should deny Defendants' Rule 56(d) relief and grant Plaintiffs' motion for summary judgment in its entirety, along with such other relief as this Court deems proper.

Dated:  March 5, 2024

                              COHEN TAUBER SPIEVACK & WAGNER P.C

By: /s/  Sari E. Kolatch
      Sari E. Kolatch
      420 Lexington Ave., Suite 2400
      New York, New York 10170
      Tel.: (212) 381-8729
      skolatch@ctswlaw.com

*Attorneys for Weatherford Latin America, S.C.A. and Weatherford Switzerland Trading and Development GmbH*