UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEATHERFORD SWITZERLAND TRADING AND DEVELOPMENT GMBH, solely in its capacity as Administrative Agent of a certain indenture dated as of June 28, 2016, and WEATHERFORD LATIN AMERICA, S.C.A., <br><br> Plaintiffs, <br><br> v. <br><br> PETRÓLEOS DE VENEZUELA, S.A. and PDVSA PETRÓLEO, S.A., <br><br> Defendants. | Case No.: 1:23-cv-10703 <br><br><br> ORAL ARGUMENT REQUESTED |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO STRIKE**

## TABLE OF CONTENTS

| | | Page |
|---|---|---:|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 2 |
| III. | ARGUMENT | 3 |
| | A. Plaintiffs' Submission of the Ocando Declaration on Reply to Independently Support Their *Prima Facie* Case Is Improper | 3 |
| | B. Plaintiffs' Reply Brief Exceeds this Court's Ten-Page Limit | 10 |
| IV. | CONCLUSION | 11 |

# TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page(s)**

*Adams v. Smith*,
   No. 9:15-cv-0913, 2017 WL 9673720 (N.D.N.Y. Dec. 5, 2017) ............................................5

*Allstate Life Ins. Co. v. Mota*,
   No. 1:21-cv-908, 2022 WL 1606449 (S.D.N.Y. May 20, 2022) ............................................10

*Aurora Loan Servs., Inc. v. Posner, Posner & Assocs., P.C.*,
   513 F. Supp. 2d 18 (S.D.N.Y. 2007)..........................................................................3, 4, 6, 7

*Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*,
   215 F.3d 219 (2d Cir. 2000).....................................................................................................8

*Carter v. Broome Cnty.*,
   394 F. Supp. 3d 228 (N.D.N.Y. 2019) .....................................................................................5

*Chambers v. TRM Copy Ctrs. Corp.*,
   43 F.3d 29 (2d Cir. 1994).........................................................................................................4

*Emanuel v. Gap, Inc.*,
   No. 1:19-cv-03617, 2022 WL 3084317 (S.D.N.Y. Aug. 3, 2022) ..........................................3

*FTC v. RCG Advances, LLC*,
   No. 1:20-cv-4432, 2023 WL 6281138 (S.D.N.Y. Sept. 27, 2023) ..........................................4

*Giannullo v. City of New York*,
   322 F.3d 139 (2d Cir. 2003).....................................................................................................4

*JGIAP RH 160 LLC v. CRI Holding Corp.*,
   No. 1:21-cv-02489, 2023 WL 5979125 (E.D.N.Y. Aug. 16, 2023) .........................................4

*Koon Chun Hing See Soy & Sauce Factory, Ltd. v. Star Mark Mgmt., Inc.*,
   No. 1:04-cv-2293, 2007 WL 74304 (E.D.N.Y. Jan. 8, 2007)............................................9, 10

*Kravits v. Binda*,
   No. 1:17-cv-07461, 2020 WL 927534 (S.D.N.Y. Jan. 21, 2020) ....................................4, 5, 7

*Mack v. Hall*,
   No. 9:18-cv-0875, 2020 WL 5793438 (N.D.N.Y. Jul. 27, 2020) ........................................6, 7

*Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*,
   324 F. Supp. 3d 387 (S.D.N.Y. 2018) ...................................................................................6, 7

*Sys. Agency v. Villanueva*,
   No. 1:19-cv-6486, 2020 WL 7629879 (S.D.N.Y. Dec. 22, 2020).........................................10

*Toure v. Cent. Parking Sys. of N.Y.*,
   No. 1:05-cv-05237, 2007 WL 2872455 (S.D.N.Y. Sept. 28, 2007) ..............................8, 9, 10

## TABLE OF AUTHORITIES

**Page(s)**

*Tradax Energy, Inc. v. Cedar Petrochemicals, Inc.*,
  317 F. Supp. 2d 373 (S.D.N.Y. 2004) ............................................................................. 9, 10

*United States v. Doyle*,
  130 F.3d 523 (2d Cir. 1997) ................................................................................................ 10

**Other Authorities**

FRCP 56(d) ............................................................................................................................. 2, 8

Defs.' Sur-Reply Mem. in Opp'n to Mot. for Class Certification,
  *Toure v. Cent. Parking Sys. of N.Y.*, No. 1:05-cv-05237 (S.D.N.Y. Apr. 20,
  2007), ECF No. 54 ................................................................................................................. 8

Plfs.' Repl. Mem. in Supp. of Mot. for Class Certification,
  *Toure v. Cent. Parking Sys. of N.Y.*, No. 1:05-cv-05237 (S.D.N.Y. Apr. 27,
  2007), ECF No. 51 ................................................................................................................. 8

Defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo," and together with PDVSA, "Defendants")[1] respectfully submit this memorandum of law in support of their motion to strike the Reply Declaration of Ysaura Ocando ("Ocando Declaration"), the portions of Plaintiffs' Memorandum of Law in Further Support of Plaintiffs' Motion for Summary Judgment ("Reply") that reference or rely on the Ocando Declaration, Exhibits 9 and 10 to the Declaration of Sari Kolatch, and the portions of the Reply that exceed this Court's ten-page limit for reply memoranda.

## I. INTRODUCTION

Through the opening brief of their Motion, Plaintiffs sought to secure a $90 million judgment against Defendants without putting forward any admissible evidence to support a *prima facie* case for breach of contract. When Defendants correctly noted the shortcomings of Plaintiffs' *prima facie* burden, instead of responding, Plaintiffs submitted entirely new evidence from a brand new declarant—evidence that Plaintiffs were eminently capable of introducing with their opening papers. This is patently improper. Parties moving for summary judgment are not permitted to cure evidentiary deficiencies via new evidence on reply. This Court should accordingly strike the Ocando Declaration and all portions of the Reply and its supporting papers that refer to or rely on the Ocando Declaration.

Additionally, Plaintiffs' Reply exceeds this Court's ten-page limit for reply memoranda. As the parties did not otherwise stipulate to an alternative page limit for their memoranda on Plaintiffs' Motion, the Court should accordingly strike the two pages of Plaintiffs' Reply that run beyond the Court's ten-page limit.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment (ECF 12).

1

## II. STATEMENT OF FACTS

Plaintiffs commenced this action on November 1, 2023 as a motion for summary judgment in lieu of complaint in the Supreme Court of New York County, alleging Defendants had breached a certain Note, Note Agreement, and corresponding Guaranty. *See* ECF No. 1-1 (Summons); ECF No. 1-2 (Notice of Motion); ECF 1-3 (Plaintiffs' Memorandum of Law) ("Motion" or "Mot."). In support of their Motion, Plaintiffs submitted the Affidavit of Max Kricorian, which appended six exhibits. *See* ECF No. 1-4. In their opening brief, Plaintiffs contended the Kricorian Affidavit and the exhibits appended thereto were sufficient to establish "a prima facie case of [their] right to payment." Mot. at 9; *see generally id*. at 9-11 (citing only to the Kricorian Affidavit and the exhibits attached thereto in support of their Motion).

Defendants timely removed this action to this Court on December 7, 2023 (*see* ECF No. 1 (Notice of Removal)), and submitted their response to Plaintiffs' Motion on January 29, 2024. *See* ECF No. 12 ("Opposition" or "Opp."). In their Opposition, Defendants argued Plaintiffs failed to propound sufficient admissible evidence to establish a *prima facie* case.[2] *See* Opp. at 3-9. As relevant to this motion, Defendants noted the only evidence Plaintiffs submitted to show Defendants missed payments on the Note was (1) inadmissible hearsay in the form of emails and letters, and (2) inadmissible testimony from Mr. Kricorian based on inadmissible hearsay. *See* Opp. at 3-7.

---

[2] Defendants also argued this Court should deny Plaintiffs' Motion to permit discovery pursuant to FRCP 56(d). *See* Opp. at 9-23. Defendants argued the political circumstances engulfing the country of Venezuela had deprived Defendants—both corporations wholly-owned by the Bolivarian Republic of Venezuela—of access to the books, records, and personnel necessary to raise a defense to Plaintiffs' Motion before commencing discovery, including a defense that banks' refused to process transactions specific to this Note, thereby making payments on this Note impossible. *See* Opp. at 9-17.

Plaintiffs submitted a twelve-page reply brief on March 5, 2024. *See* ECF No. 18. In support of their Reply, Plaintiffs filed three reply declarations: the Declaration of Sari Kolatch, Plaintiffs' counsel in this action (*see* ECF No. 19); the Reply Declaration of Max Kricorian (*see* ECF No. 21); and the Declaration of Ysauna Ocando. *See* ECF No. 20.

In her declaration, Ms. Ocando proffers twenty-two paragraphs of previously undisclosed testimony. *See generally* Ocando Decl. Rather than attempt to lay a foundation to admit as business records the emails and letters Plaintiffs previously submitted or to otherwise render Mr. Kricorian's prior testimony admissible, Ms. Ocando introduces new, independent evidence of her supposed first-hand knowledge of the payment history of the Note. *See, e.g.*, Ocando Decl. ¶¶ 1-2, 7-8, 11-22. Ms. Ocando also purports to be a current employee of Weatherford de México S. de R.L. de C.V. and to have worked for the Weatherford family of companies for nearly thirty years. *See* Ocando Decl. ¶¶ 2-3. Plaintiffs were clearly able to propound written testimony from Ms. Ocando at the time they submitted their Motion, but chose not to do so.

## III. ARGUMENT

Courts maintain broad discretion to strike portions of movants' reply papers. *See Aurora Loan Servs., Inc. v. Posner, Posner & Assocs., P.C.*, 513 F. Supp. 2d 18, 19 (S.D.N.Y. 2007). Generally, courts will not consider new evidence submitted on reply if it is not responsive to new arguments raised in respondent's opposition. *See id.* at 20. And courts are entitled to disregard any "pages of a party's brief that exceed the page limit . . . without the [c]ourt's approval." *Emanuel v. Gap, Inc.*, No. 1:19-cv-03617, 2022 WL 3084317, at *4 (S.D.N.Y. Aug. 3, 2022).

### A. Plaintiffs' Submission of the Ocando Declaration on Reply to Independently Support Their *Prima Facie* Case Is Improper

This Court should strike the Ocando Declaration and all portions of Plaintiffs' Reply and its supporting papers that refer to or rely on the Ocando Declaration because Plaintiffs belatedly

3

introduced the Ocando Declaration on reply to establish their *prima facie* entitlement to summary judgment. Plaintiffs' untimely submission is improper because Plaintiffs, as the moving parties, bore the initial burden to propound evidence in support of their *prima facie* case.

On summary judgment, the movant bears the initial burden to demonstrate its *prima facie* entitlement to judgment as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994). To meet this burden, the movant must provide admissible evidence. *See Giannullo v. City of New York*, 322 F.3d 139, 140-41 (2d Cir. 2003) ("summary judgment must be denied" where the movant "fails to fulfill its initial burden of providing admissible evidence of the material facts entitling it to summary judgment") (cleaned up). A movant may not introduce **new** evidence to meet this burden when the respondent has only challenged the sufficiency of the movant's evidence; rather, the movant is limited to rebutting the attacks on the sufficiency of the evidence already submitted. *See Aurora*, 513 F. Supp. 2d at 20 (movant "may not add new materials simply because [respondent] pointed out that it has not met its burden."). The submission of evidence on reply that was both initially available to the moving party and necessary for it to meet its burden is "plainly improper." *Kravits v. Binda*, No. 1:17-cv-07461, 2020 WL 927534, at *4-5 (S.D.N.Y. Jan. 21, 2020), *report and recommendation adopted*, 2020 WL 917212 (S.D.N.Y. Feb. 26, 2020) (quoting *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010)); *see also FTC v. RCG Advances, LLC*, No. 1:20-cv-4432, 2023 WL 6281138, at *13 (S.D.N.Y. Sept. 27, 2023) (not considering reply declaration submitted by FTC to correct errors in expert report submitted with opening papers); *JGIAP RH 160 LLC v. CRI Holding Corp.*, No. 1:21-cv-02489, 2023 WL 5979125, at *21 (E.D.N.Y. Aug. 16, 2023), *report and recommendation adopted*, 2023 WL 6307320 (E.D.N.Y. Aug. 16, 2023) ("Court cannot consider new evidence that was available to " movant "when [it]

4

filed [its] original motion papers, but which [it] waited to file with [its] reply brief."); *Adams v. Smith*, No. 9:15-cv-0913, 2017 WL 9673720, at *2 n.3 (N.D.N.Y. Dec. 5, 2017) (declining to consider declaration submitted for first time on reply); *Carter v. Broome Cnty.*, 394 F. Supp. 3d 228, 245 n.8 (N.D.N.Y. 2019) (not considering reply affidavit submitted to rectify insufficiency of evidence submitted to satisfy movant's burden on qualified immunity).

In their opening papers, Plaintiffs submitted a single affidavit—the Kricorian Affidavit—to support their *prima facie* case. *See generally* Mot. Defendants argued in their Opposition the Kricorian Affidavit plainly does not support Plaintiffs' *prima facie* case. Specifically, Defendants noted the emails and letters Mr. Kricorian submitted as evidence of Defendants' purported payment history—the only evidence proffered to claim Defendants breached the Note Agreement—are inadmissible hearsay, and Mr. Kricorian's testimony about such history is equally inadmissible because ***it*** is entirely based on inadmissible hearsay. *See* Opp. at 3-7.

In Reply, Plaintiffs did not argue these emails and letters are, in fact, admissible. *See* Reply at 2-6. And both Plaintiffs and Mr. Kricorian conceded Mr. Kricorian has no personal knowledge of Defendants' payment history on the Note. *See* Reply at 4 (Mr. Kricorian's understanding of Defendants' payment history is based entirely on what his predecessor told him in May 2021, "as documented" by inadmissible emails and letters); Decl. of Max Kricorian ¶ 9 (ECF No. 21) (same). In other words, Plaintiffs did nothing to fix the evidence they ***did*** proffer to satisfy their *prima facie* burden. Rather, Plaintiffs proffered **Ms. Ocando's** alleged personal knowledge of Defendants' payment history to support this point—***independent*** evidence Plaintiffs could have and should have submitted with their opening papers. *See* Reply at 5-6; Ocando Decl. ¶¶ 1-2, 7-22. This is "plainly improper." *Kravits*, 2020 WL 927534, at *4-5.

Plaintiffs contend in their Reply the Ocando Declaration properly responds to arguments Defendants made in their Opposition. *See* Reply at 4 n.2. Not so. Defendants' Opposition argued the evidence Plaintiffs submitted to show Defendants missed payments was inadmissible, and Plaintiffs accordingly failed to demonstrate their *prima facie* entitlement to summary judgment. *See* Opp. 3-7. Defendants' did ***not*** raise any affirmative defenses or arguments to attack Plaintiffs' Motion that otherwise required new evidence to rebut.

Instructive on this point is *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*. There, the defendant (U.S. Bank) moved to exclude an expert report the plaintiff (Royal Park) submitted for the first time in its reply in support of its motion for class certification. 324 F. Supp. 3d 387, 392-93 (S.D.N.Y. 2018). Royal Park asserted its submission of the report was proper because it was "responsive to U.S. Bank's contentions pertaining to class identity and administrative feasibility." *Id.* at 395. But Judge Marrero noted Royal Park, as the moving party, bore "the initial burden on both those elements" and therefore could not "wait to respond to deficiencies [defendant] raise[d] in its opposition" to propound new evidence in support of its *prima facie* case on class certification. *Id.* As U.S. Bank only argued Royal Park had not met its *prima facie* burden on class certification, Judge Marrero excluded the report.[3] *See id.*

Plaintiffs' arguments to the contrary are of no merit. First, Plaintiffs claim *Aurora Loan Servs., Inc. v. Posner, Posner & Assocs., P.C.* and *Mack v. Hall*—cases Defendants cited in their

---

[3] Judge Marrero also noted U.S. Bank "was unable to depose" the expert who drafted the report "or prepare for his testimony." *Royal Park*, 324 F. Supp. 3d at 395. This is the exact position Defendants are in with respect to the Ocando Declaration. The parties have not conducted discovery in this case, and Defendants have had no opportunity to examine which of Plaintiffs' employees may have personal knowledge of any purported Note Agreement. The only evidence Defendants had to work with was what Plaintiffs submitted with their Motion: the Kricoran Affidavit. *See id.* at 3. That Defendants were "unable to depose" Ms. Ocando "or prepare for [her] testimony" reflects "precisely the type of concern that precludes the admission of newly-raised evidence on reply." *Royal Park*, 324 F. Supp. 3d at 395.

Opposition—are inapposite. *See* Reply at 4 n.2. Plaintiffs contend *Aurora* is inapposite because of the quantum of exhibits at issue. *See id*. But the volume of evidence was not Judge Robinson's concern in *Aurora*; rather, his concern was respondent only argued the movant "had not met its burden in moving [for] summary judgment." 513 F. Supp. 2d at 20; *see also Kravits*, 2020 WL 927534, at *4 (citing *Aurora* without reference to volume of evidence). Judge Robinson explained the court could not allow the moving party to submit new evidence it "was aware of and in possession of . . . at the time [it] filed for summary judgment" on reply as this would "inappropriately allow [it] a second bite at the summary judgment apple." *Aurora*, 513 F. Supp. 2d at 20.

Plaintiffs next contend *Mack v. Hall* is inapposite because the magistrate judge ultimately recommended the court grant defendants' summary judgment motion. *See* Reply at 4 n.2. But the magistrate judge's decision on the merits of the ultimate motion is not relevant to the instant question: whether a court should consider new evidence necessary to support the movant's *prima facie* case submitted for the first time on reply. On this point, the magistrate judge in *Mack* expressly stated the court could not. *Mack v. Hall*, No. 9:18-cv-0875, 2020 WL 5793438, at *6 (N.D.N.Y. Jul. 27, 2020), *report and recommendation adopted*, 2020 WL 5775205 (N.D.N.Y. Sept. 28, 2020).

Plaintiffs also take issue with *Mack* because the plaintiff was a *pro se* litigant. *See* Reply at 4 n.2. But a litigant's sophistication has no bearing on the reason why courts exclude evidence first submitted on reply: prejudice to the respondent. *See Royal Park*, 324 F. Supp. 3d at 395 (primary concern with new evidence on reply is respondent's inability to prepare or respond). Defendants cannot magically prepare for or address testimony from a declarant they did not

7

know existed at the time they submitted their Opposition, much less one they could have anticipated providing written testimony, simply because they are represented by counsel.[4]

Second, the cases Plaintiffs cite for their position are inapposite. *See* Reply at 4 n.2. First, in *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.* the evidence plaintiff submitted on reply was proper because it responded to defendant's affirmative argument that the contract provision at issue was invalid as a "material alteration" of the parties' agreement under UCC § 2-207. *See* 215 F.3d 219, 226-27 (2d Cir. 2000). As the Second Circuit noted, defendant bore the burden of proving material alteration (*id.* at 221-23); plaintiff's submission of evidence on reply thus had nothing to do with establishing ***its*** *prima facie* case. *See id.* at 226-27 (reply was "first opportunity to rebut [defendant's] argument with custom and practice evidence").

Next, in *Toure v. Central Parking Sys. of N.Y.*, the non-movant sought to strike declarations filed in reply that raised "new ***arguments***"—not declarations used as evidence to establish the movant's *prima facie* case. *See* 2007 WL 2872455, at *2 (S.D.N.Y. Sept. 28, 2007) (emphasis added); *see also* Defs.' Sur-Reply Mem. in Opp'n to Mot. for Class Certification at 1-6, *Toure v. Cent. Parking Sys. of N.Y.*, No. 1:05-cv-05237 (S.D.N.Y. May 25, 2007), ECF No. 54 (moving to strike, as part of sur-reply, declarations raising new arguments, contradicting prior sworn deposition testimony, and seeking relief beyond the scope of the complaint). Judge Pauley concluded the declarations did not assert new ***legal arguments***, but responded to issues raised in the opposition, such as the credibility of the declarants, so denied the motion to strike. *See Toure*, 2007 WL 2872455, at *2; Plfs.' Repl. Mem. in Supp. of Mot. for Class Certification

---

[4] Plaintiffs' conduct bolsters Defendants' argument that discovery under FRCP 56(d) is needed to effectively litigate this action. Plaintiffs deprived Defendants of the ability to review the evidence available in this case, waited for Defendants to respond to their arguments, then sprung new evidence on them at the eleventh hour—the literal definition of sandbagging. Discovery is designed to prevent precisely this practice.

at 2-5, *Toure v. Cent. Parking Sys. of N.Y.*, No. 1:05-cv-05237 (S.D.N.Y. Apr. 27, 2007), ECF No. 51 (relying on April 26 and 27 declarations to respond to non-movants' attacks on declarants' credibility). Judge Pauley also held that regardless of any purported new *legal arguments*, the non-movant suffered no prejudice as it had filed a sur-reply addressing those legal arguments. *Toure*, 2007 WL 2872455, at *2.

Plaintiffs' also point to *Koon Chun Hing See Soy & Sauce Factory, Ltd. v. Star Mark Mgmt., Inc.* and *Tradax Energy, Inc. v. Cedar Petrochemicals, Inc.*—cases where the evidence in question fixed mere "technicalities" with the foundation the movants' laid for the business records exception. In *Koon Chun*, the declarations at issue simply attested the prior evidence reflected records kept in the movant's "ordinary course of business." *See* No. 1:04-cv-2293, 2007 WL 74304, at *3 (E.D.N.Y. Jan. 8, 2007). And in *Tradax Energy*, Judge Marrero concluded the court could *not* consider certain records because the affiant had not attested they were kept in the ordinary course of business, but granted the movant ten days to submit an additional affidavit to remedy this "rather technical" defect. *See* 317 F. Supp. 2d 373, 379 (S.D.N.Y. 2004).

Here, the Ocando Declaration does not resolve minor "technicalities" with Plaintiffs' evidence; it injects entirely new testimony into the case about Defendants' alleged performance. The only evidence Plaintiffs submitted with their Motion concerning Defendants' payment history was emails and letters, and testimony from Mr. Kricorian. *See* Mot. at 9-11. Defendants argued (i) these emails and letters were inadmissible hearsay, and (ii) Mr. Kricorian's testimony was inadmissible as it relied entirely on inadmissible hearsay itself. *See* Opp. at 3-7. Plaintiffs could have tried to resolve these "technicalities" by laying a foundation to admit the emails and letters (or any other "records" Mr. Kricorian relied upon) via the business records exception, as

9

the movants did or sought to in *Koon Chun* and *Tradax Energy*. But Plaintiffs did not. Instead, Plaintiffs submitted independent evidence in the form of Ms. Ocando's alleged first-hand knowledge of Defendants' payment history (*see, e.g.*, Ocando Decl. ¶¶ 1-2, 7-8, 11-22)—a far cry from the "technical fixes" in *Koon Chun* and *Tradax Energy*.[5]

Plaintiffs' submission of the Ocando Declaration on reply to establish their *prima facie* case, rather than remedy mere evidentiary "technicalities," is "plainly improper," and the declaration and all references thereto should be struck.[6]

B. <u>Plaintiffs' Reply Brief Exceeds this Court's Ten-Page Limit</u>

Plaintiffs' Reply totals twelve pages, excluding the caption, table of contents, table of authorities, and signature. *See generally* Reply. Rule 2(I) of this Court's Individual Practices in Civil Cases is clear: where the parties do not stipulate to a page limit, all "reply memoranda are limited to 10 pages." Rule 2(I), Individual Practices in Civil Cases, Hon. Lewis J. Liman (eff.

---

[5] Defendants also attacked these emails and letters because Mr. Kricorian was not CCed and thus could not authenticate them. *See* Opp. at 5. Ms. Ocando, while ignoring the issue of hearsay, attempts to authenticate these communications. *See* Ocando Decl. ¶¶ 16, 17, 19. Even if Ms. Ocando can authenticate these documents, she cannot turn hearsay into non-hearsay. *See United States v. Doyle*, 130 F.3d 523, 545 (2d Cir. 1997) ("It is axiomatic that authenticated evidence must still be admissible under other rules of evidence including those governing hearsay."); *Allstate Life Ins. Co. v. Mota*, No. 1:21-cv-908, 2022 WL 1606449, at *7 (S.D.N.Y. May 20, 2022) (Liman, J.) (authenticated documents still "need to meet [] hearsay requirements if [they are] offered to prove the truth of the assertions made in [them]").

[6] Should the Court strike the Ocando Declaration, the Court should also strike Exhibits 9 and 10 to the Declaration of Sari Kolatch (ECF Nos. 19-3 and 19-4), as these exhibits are only authenticated through the Ocando Declaration, and Ms. Kolatch (an attorney) lacks the personal knowledge necessary to authenticate these emails. *See Sys. Agency v. Villanueva*, No. 1:19-cv-6486, 2020 WL 7629879, at *1-2 (S.D.N.Y. Dec. 22, 2020) (attorney affirmations insufficient to authenticate correspondence to which the attorney is "not a party"). Additionally, Exhibit 10—an email from Plaintiffs that lacks any statements from Defendants and attaches a letter from Plaintiffs—is inadmissible hearsay for the reasons articulated in Part II.A of the Opposition. *See* Opp. at 3-7.

Nov. 13, 2023). As the parties did not stipulate to any page limit extensions, Defendants accordingly request the Court strike the portion of Plaintiffs' Reply that exceeds ten pages.

## IV. CONCLUSION

For the reasons stated above, this Court should strike the Ocando Declaration and all portions of Plaintiffs' Reply that refer to or rely on the Ocando Declaration, Exhibits 9 and 10 to the Kolatch Declaration, and all portions of the Reply that exceed this Court's ten-page limit for reply memoranda.

| | |
|---|---|
| Dated: March 22, 2024<br>New York, New York | **PAUL HASTINGS LLP**<br><br> *s/ Kurt W. Hansson* <br>Kurt W. Hansson<br>James L. Ferguson<br>Zachary D. Melvin<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: 212-318-6000<br>Facsimile: 212-319-4090<br>kurthansson@paulhastings.com<br>jamesferguson@paulhastings.com<br>zacharymelvin@paulhastings.com<br><br>*Counsel for Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.* |