UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEATHERFORD SWITZERLAND TRADING AND DEVELOPMENT GMBH, solely in its capacity as Administrative Agent of a certain indenture dated as of June 28, 2016, and WEATHERFORD LATIN AMERICA, S.C.A., <br><br>                         Plaintiffs, <br><br> v. <br><br> PETRÓLEOS DE VENEZUELA, S.A. and PDVSA PETRÓLEO, S.A., <br><br>                         Defendants. | Case No.: 1:23-cv-10703 <br><br> ORAL ARGUMENT REQUESTED |

**REPLY IN SUPPORT OF**
**DEFENDANTS' MOTION TO STRIKE**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

    A. Plaintiffs' Submission of the Ocando Declaration Was Improper .......................... 2

    B. The Balance of Equities Cuts Against Plaintiffs' Request for This Court to Consider the Ocando Declaration Despite Its Belated Submission ....................... 6

    C. Plaintiffs Do Not Refute Exhibits 9 and 10 Are Inadmissible ............................... 7

        1. Plaintiffs Misconstrue *Red Tree* and *Siemens* ............................................ 8

    D. Plaintiffs Cite No Basis For Exceeding the Page Limit on Reply ........................ 9

III. CONCLUSION .............................................................................................................. 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Carter v. Broome Cnty.*,
    394 F. Supp. 3d 228 (N.D.N.Y. 2019) ............................................................................5

*Curry Mgmt. Corp. v. JPMorgan Chase Bank N.A.*,
    643 F. Supp. 3d 421 (S.D.N.Y. 2022) ............................................................................8

*FTC v. RCG Advances, LLC*,
    No. 1:20-cv-4432, 2023 WL 6281138 (S.D.N.Y. Sept. 27, 2023) ..................................5

*Giannullo v. City of N.Y.*,
    322 F.3d 139 (2d Cir. 2003) ........................................................................................3, 6

*JGIAP RH 160 LLC v. CRI Holding Corp.*,
    No. 1:21-cv-02489, 2023 WL 5979125 (E.D.N.Y. Aug. 16, 2023), *report and recommendation adopted*, 2023 WL 630320 (E.D.N.Y. Sept. 28, 2023) ......................5

*United States ex rel. Karlin v. Noble Jewelry Holdings Ltd.*,
    No. 1:08-cv-7826, 2012 WL 1228199 (S.D.N.Y. Apr. 9, 2012) ....................................2

*Kowalski v. YellowPages.com, LLC*,
    No. 1:10-cv-7318, 2012 WL 1097350 (S.D.N.Y. Mar. 31, 2012) ..............................5, 6

*Kravitz v. Binda*,
    No. 1:17-cv-07461, 2020 WL 927534 (S.D.N.Y. Jan. 21, 2020) ................................4, 5

*Perez v. Manna 2nd Ave. LLC*,
    No. 1:15-cv-4655, 2016 WL 7489040 (S.D.N.Y. Dec. 28, 2016) ..................................7

*Red Tree Invs. v. Petroleos de Venezuela, S.A.*,
    82 F.4th 161 (2d Cir. 2023) .........................................................................................8, 9

*Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*,
    324 F. Supp. 3d 387 (S.D.N.Y. 2018) ............................................................................5

*Ruggiero v. Warner-Lambert Co.*,
    424 F.3d 249 (2d Cir. 2005) ...........................................................................................7

*Siemens Energy, Inc. v. Petroleos de Venezuela*,
    82 F.4th 144 (2d Cir. 2023) .........................................................................................8, 9

*United States v. Cummings*,
    858 F.3d 763 (2d Cir. 2017) ...........................................................................................4

*United States v. E. River Hous. Corp.*,
    90 F. Supp. 3d 118 (S.D.N.Y. 2015) ...........................................................................2, 6

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

**Other Authorities**

EVIDENCE, Black's Law Dictionary (11th ed. 2019) ..................................................................4

FACT, Black's Law Dictionary (11th ed. 2019) ............................................................................4

Brief for Plaintiff-Appellee, *Red Tree Invs., LLC v. Petróleos de Venezuela, S.A.*,
    No. 22-0225 (2d Cir. July 18, 2022), ECF 70 ............................................................................9

Fed. R. Civ. P. 56(d) ......................................................................................................................9

Defendants[1] respectfully submit this reply in support of their motion to strike (ECF 22).

## I.    INTRODUCTION

Plaintiffs' MTS Opposition[2] concedes Defendants' central argument: the Ocando Declaration is new, independent evidence of Ms. Ocando's "first-hand knowledge" about Defendants' alleged performance under the Note and Note Agreement, and was thus inappropriately submitted for the first time in Plaintiffs' Reply.  Plaintiffs are not allowed to argue for summary judgment with one set of inadmissible evidence in their opening brief, have the opposition challenge their *prima facie* case, and then submit and rely on entirely separate evidence in their reply.

The sole basis Plaintiffs submit for the propriety of the Ocando Declaration is that Ms. Ocando's testimony speaks to the same facts as those asserted in their opening brief.  But this conflates "facts" with "evidence"—a factual assertion is something that must be **supported by** admissible evidence at the summary judgment stage.  And the law is clear: new **evidence** that is necessary to establish the facts required for a movant's *prima facie* case may not be submitted for the first time on reply.  The Court should accordingly strike the Ocando Declaration.

Plaintiffs similarly err in defending the admissibility of Exhibits 9 and 10.  Plaintiffs argue these exhibits are responsive to Defendants' contention that discovery is necessary to support Defendants' potential impossibility defense.  But a "responsive" exhibit is not an "admissible" exhibit.  The impropriety of the Ocando Declaration, which Plaintiffs used to authenticate Exhibits 9 and 10, means Plaintiffs failed to submit Exhibits 9 and 10 in an

---

[1] Capitalized terms not defined herein have the meaning ascribed in Defendants' Memorandum of Law in Support of Defendants' Motion to Strike (ECF 23) ("Motion to Strike" or "MTS").

[2] "MTS Opposition" or "MTS Opp." refers to Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Strike (ECF 24).

admissible form, including laying any foundation for a hearsay exception, and thus they should also be stricken.

Finally, Plaintiffs do not credibly argue a basis for why this Court should consider the additional pages that exceed this Court's ten-page limit for reply memoranda. Plaintiffs argue they believed requests for discovery under Rule 56(d) operate as cross motions, but offer no support for their presumption that such requests automatically add twenty-five pages to the limit on reply. This Court should accordingly strike the two pages of Plaintiffs' Reply that exceed this Court's ten-page limit for reply memoranda.

## II.     ARGUMENT

### A.     Plaintiffs' Submission of the Ocando Declaration Was Improper

A movant may only submit new evidence on reply if it is responsive to a "new material issue[] raised by the [respondent] in [its] opposition brief." *United States ex rel. Karlin v. Noble Jewelry Holdings Ltd.*, No. 1:08-cv-7826, 2012 WL 1228199, at *4-5 (S.D.N.Y. Apr. 9, 2012). Where a respondent asserts the evidence the movant proffered in support of its *prima facie* case is insufficient, the only material issue raised by the respondent is the sufficiency of ***that*** evidence. *See United States v. E. River Hous. Corp.*, 90 F. Supp. 3d 118, 162 (S.D.N.Y. 2015). A movant may not remedy its *prima facie* case by submitting new, independent evidence to support the elements of its claim. *See id.* (submission of admissible evidence to prove element of movant's *prima facie* case for the first time on reply "improperly raise[s] new issues").

In their Opposition, Defendants argued Plaintiffs failed to meet their burden to establish a *prima facie* case because the only evidence they submitted to support their charge of breach (emails and letters they allegedly wrote to Defendants) was inadmissible hearsay. *See* Opp. at

2

3-7.  Defendants did not challenge Plaintiffs' factual assertions in their Opposition.³  The scope of Plaintiffs' Reply was accordingly limited to either arguing the evidence *they already submitted* was, in fact, admissible, or laying a foundation to remedy certain technicalities with such evidence.  The Ocando Declaration does neither.

Plaintiffs do not argue anywhere in their Reply that these emails and letters (Exhibits 3-6) are admissible as submitted.  *See generally* Reply at 2-3.  And Plaintiffs' Reply offers no explanation for how the Ocando Declaration somehow converts these emails and letters from inadmissible hearsay into admissible evidence.  *See generally* Reply at 4-6.  Instead, Plaintiffs' Reply uses the Ocando Declaration solely as independent evidence of Ms. Ocando's alleged "personal knowledge of both PDVSA's payments and its defaults."  *Id.* at 5.  This is improper.

Plaintiffs' MTS Opposition similarly fails to provide any explanation for how the Ocando Declaration lays a foundation for their previously-submitted emails and letters.  Though Plaintiffs state the Ocando Declaration does provide "additional grounds for the admissibility of previously submitted evidence" (MTS Opp. at 4), they only point to Ms. Ocando's purported "first-hand knowledge of the facts set forth in th[ose] emails and documents."  MTS Opp. at 6; *see also id.* at 10 n.6 (suggesting Ms. Ocando's ability to "testify to the facts based on her own knowledge" cures the hearsay reflected in the exhibits).  But "[h]earsay is admissible only if it

---

³ Plaintiffs' suggestion that Defendants somehow waived their objections to the Ocando Declaration because they "did not dispute any of the factual allegations submitted with the Moving Brief" (MTS Opp. at 9) betrays their confusion about the parties' burdens on summary judgment.  As movants, **Plaintiffs** bore the "initial burden of providing admissible evidence of the material facts entitling [them] to summary judgment." *Giannullo v. City of N.Y.*, 322 F.3d 139, 140-41 (2d Cir. 2003) (cleaned up).  **Plaintiffs** failed to propound admissible evidence to support their assertion that Defendants breached the Note and Note Agreement, so Defendants were "not required to rebut [this] insufficient showing." *Id.*; *see also id.* at 141 n.2 ("Nothing . . . would justify a [movant] . . . simply asserting [a] fact . . . , without any supporting evidence whatever, and claim thereby to have shifted the burden to the [non-movant] of disproving it.").

3

falls within an enumerated exception." *United States v. Cummings*, 858 F.3d 763, 772 (2d Cir. 2017). Tellingly, Plaintiffs do not point to a single rule of evidence enumerating a hearsay exception for statements supported by a separate declarant's "personal knowledge" of the underlying facts (because there is none).

Plaintiffs separately assert "[t]he Ocando Declaration does not contain any 'new' or 'undisclosed evidence'" because it merely "confirms the evidence previously submitted with Weatherford's Moving Brief." MTS Opp. at 4. But this conflates "facts" with "evidence." Facts are "actual or alleged event[s] or circumstance[s]." FACT, Black's Law Dictionary (11th ed. 2019). Evidence is what parties use to *prove* facts. *See* EVIDENCE, Black's Law Dictionary (11th ed. 2019) ("Something . . . that tends to prove or disprove the existence of an alleged fact."). The Ocando Declaration does not "confirm the evidence" Plaintiffs submitted with their opening papers; it attempts to independently establish the "facts" such evidence purported to prove. Plaintiffs' MTS Opposition concedes as much. *See* MTS Opp. at 4-5 (listing ten *facts* "[t]he exhibits referred to in the Moving Brief . . . *establish*," then characterizing these *facts* as "*evidence*" the Ocando Declaration merely "confirms") (emphasis added).

Plaintiffs were required to submit admissible *evidence* to establish the *facts* necessary for their *prima facie* case with their opening papers, but failed to do so. Rather than cure their inadmissible evidence, they submitted *new evidence* on reply to try and establish the *facts* necessary for their *prima facie* case. This is not permitted.

Plaintiffs' attempts to distinguish the cases Defendants' cited in their opening brief similarly fail to make this distinction. At issue in each of these cases was not whether new *facts* were introduced, but whether new *evidence* was introduced purely to satisfy the movants' *initial evidentiary burden*. *See Kravitz v. Binda*, No. 1:17-cv-07461, 2020 WL 927534, at *4-5

4

(S.D.N.Y. Jan. 21, 2020) (denials of communications into forum submitted after respondent noted movants' denial of contacts with forum was only supported by denials of trips to forum); *Carter v. Broome Cnty.*, 394 F. Supp. 3d 228, 245 (N.D.N.Y. 2019) (affidavits aimed to "rectify" insufficiency of previous evidence in showing movants were not directly involved in events at issue); *JGIAP RH 160 LLC v. CRI Holding Corp.*, No. 1:21-cv-02489, 2023 WL 5979125, at *21 (E.D.N.Y. Aug. 16, 2023), *report and recommendation adopted*, 2023 WL 630320 (E.D.N.Y. Sept. 28, 2023) (call transcript offered to support showing that plaintiff's counsel did not investigate merits of plaintiff's claim); *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, 324 F. Supp. 3d 387, 392-93 (S.D.N.Y. 2018) (expert reply declaration submitted to establish class certification elements); *FTC v. RCG Advances, LLC*, No. 1:20-cv-4432, 2023 WL 6281138, at *13 (S.D.N.Y. Sept. 27, 2023) (reply declaration submitted to correct calculations for compensatory damages submitted with initial papers).[4]  In fact, the movants in *Kravitz* made the ***exact same argument*** Plaintiffs make here, and the magistrate judge rejected it out of hand.  *See* 2020 WL 927534, at *4 (rejecting argument that the affidavits "merely 'echo' the information previously made available" in opening papers).

     Plaintiffs offer only one case, *Kowalski v. YellowPages.com, LLC*, in support of their contention that the submission of new evidence is proper so long as it speaks to the same

---

[4] Plaintiffs' assertion that *RGC Advances* is distinguishable because "the moving party . . . relied instead on a different declarant whose declaration lacked a foundation for the conclusions" (MTS Opp. at 8) is a complete distortion of Judge Rakoff's decision.  Though its methodology gave him "pause," Judge Rakoff expressly stated he was excluding the reply declaration because it improperly granted "[t]he FTC . . . a second chance to show it is entitled to summary judgment on compensatory damages when . . . the underlying data [] was necessary for the appropriate damages calculation."  2023 WL 6281138, at *12-13.  Judge Rakoff also did not express concern with the different identities of the declarants at issue in *RGC Advances* (*see id.*), which renders Plaintiffs' decision to highlight this point puzzling as **the Ocando Declaration** reflects testimony from an entirely new declarant.

"information" as that submitted with a party's moving papers. See MTS Opp. at 6-7. But *Kowalski* is inapposite. Movants submitted "the new declarations and exhibits" at issue in *Kowalski* "to rebut the declarations of ten previously undisclosed . . . representatives that were submitted by [d]efendant in opposition to [their] class certification motion." No. 1:10-cv-7318, 2012 WL 1097350, at *9 (S.D.N.Y. Mar. 31, 2012). The underlying evidence was ***not*** new, independent evidence submitted to support the movants' deficient *prima facie* case for summary judgment. *Kowalski* also turned on the absence of surprise in a case where the parties had already undergone discovery. See *id.* at 11 (exhibits "not 'sprung upon' the [d]efendant for the first time in the reply brief" as "[d]efendant . . . produced these documents during discovery"). Here, the parties have not undertaken ***any*** discovery, and Defendants' lack of access to their own records and personnel meant they could only respond to the evidence Plaintiffs submitted with their opening papers. See Opp. at 9-23; MTS at 6 n.3. The reply evidence submitted in *Kowalski* further did not relate to a dispute about the admissibility of the evidence the movant submitted with its opening papers. See generally *id.*

As the moving parties, Plaintiffs had to provide admissible evidence with their opening papers to establish their entitlement to summary judgment. *Giannullo*, 322 F.3d at 140-41. Plaintiffs instead submitted pure hearsay to support their assertion that Defendants breached the Note and Note Agreement. See Opp. at 3-9. Plaintiffs cannot now propound new, independent evidence to cure this deficiency. See *E. River Hous. Corp.*, 90 F. Supp. 3d at 161-62.

      B.      <u>The Balance of Equities Cuts Against Plaintiffs' Request for This Court to Consider the Ocando Declaration Despite Its Belated Submission</u>

Plaintiffs make multiple pleas requesting this Court nevertheless exercise its discretion and consider the latent Ocando Declaration. See, e.g., MTS Opp. at 10 n.7. Plaintiffs' case is not compelling. Plaintiffs elected to move for summary judgment in lieu of filing a complaint in

an effort to try to secure a judgment without discovery. Plaintiffs chose when to file their case and what evidence to submit. Plaintiffs did not tender admissible evidence to support their *prima facie* case. The Court should reject Plaintiffs' request.[5]

      C.      <u>Plaintiffs Do Not Refute Exhibits 9 and 10 Are Inadmissible</u>

In their Motion to Strike, Defendants argued Exhibits 9 and 10 to the Declaration of Sari Kolatch (ECF 19-3; ECF 19-4) should also be struck because the Ocando Declaration is the only vehicle through which Plaintiffs attempt to authenticate these exhibits. *See* MTS at 10 n.6. Plaintiffs do not respond to this argument. *See* MTS Opp. at 11-13. Instead, Plaintiffs assert only that these exhibits were "properly submitted . . . in opposition to Defendants' request for Rule 56(d) discovery on its purported impossibility defense."[6] MTS Opp. at 11.

Plaintiffs' assertions do not save Exhibits 9 or 10, as relevance does not mean the documents are either authentic or admissible hearsay. The Ocando Declaration is the only source of evidence used to authenticate these exhibits; without it, the exhibits are inadmissible. *See* MTS at 10 n.6. Moreover, Exhibit 10 (*i.e.*, the "November 2018 letter" Plaintiffs contend, for the first time in their MTS Opposition to ***this*** motion, precludes Defendants' impossibility

---

[5] Plaintiffs' cases on this point are inapposite to the circumstances here. *See Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005) (reply declaration submitted in response to respondent's claim of a "genuine issue of material fact" in the scientific literature as to whether drug at issue could cause liver failure); *Perez v. Manna 2nd Ave. LLC*, No. 1:15-cv-4655, 2016 WL 7489040, at *4 (S.D.N.Y. Dec. 28, 2016) (declining motion to strike where the reply declaration "clearly serve[d] as the defendants' memorandum of law").

[6] Plaintiffs' argument distorts their Reply. Plaintiffs only reference to Exhibit 9 in their response to Defendants' Rule 56(d) request is via implication (on a page that exceeds this Court's limit). *See* Reply at 12 (citing Ocando Decl. ¶ 12, which discusses Exhibit 9). Plaintiffs do not reference Exhibit 10 ***anywhere*** in this context. *See* Reply at 6-12. Plaintiffs only submitted these exhibits to establish their *prima facie* case. *See* Reply at 5.

7

defense (*see* MTS Opp. at 12-13)) is hearsay for which Plaintiffs have laid no foundation to admit under any rule of evidence.  *See* MTS at 10 n.6.

Defendants' Motion to Strike only raised authentication and hearsay arguments with respect to Exhibits 9 and 10, and Plaintiffs' MTS Opposition did not address them.  *See* MTS Opp. at 11-13.  Plaintiffs have thus conceded these arguments, and Exhibits 9 and 10 should be struck.  *See Curry Mgmt. Corp. v. JPMorgan Chase Bank N.A.*, 643 F. Supp. 3d 421, 426 (S.D.N.Y. 2022).

### 1. Plaintiffs Misconstrue *Red Tree* and *Siemens*

In defending Exhibits 9 and 10, Plaintiffs—spontaneously—recite the same construction of the Second Circuit's decisions in *Red Tree* and *Siemens* they espoused in their Reply.  While unnecessary to resolve this Motion, the MTS Opposition's discussion of these cases is riddled with errors so Defendants address them briefly here.

Plaintiffs contend *Red Tree* and *Siemens* involved "an identical Note and Note Agreement."  MTS Opp. at 12.  Not so.  *Red Tree* involved an entirely separate note and note agreement with an affiliate of General Electric (plaintiff's predecessor in interest).  *See Red Tree Invs. v. Petroleos de Venezuela, S.A.*, 82 F.4th 161, 164 (2d Cir. 2023).  *Siemens* involved an entirely separate note and note agreement with Dresser-Rand Company (which later merged into Siemens Energy, Inc.).  *See Siemens Energy, Inc. v. Petroleos de Venezuela*, 82 F.4th 144, 148 (2d Cir. 2023).  Neither the debt instruments nor the noteholders are "identical" to those here.

Plaintiffs also assert "the Second Circuit" in *Red Tree* and *Siemens* "already held that PDVSA is unable to prove impossibility regarding payments during the same time period."  MTS Opp. at 13.  This is also wrong.  The Second Circuit's decisions in *Red Tree* and *Siemens* were expressly limited to whether PDVSA had shown payments were impossible ***on those specific debt issuances***.  For instance, in *Red Tree*, the Second Circuit stated "PDVSA was

8

simply required to produce sufficient evidence to raise a genuine dispute as to whether banks such as DMBL, Gazprombank, China CITIC, Lloyds Bank, and the Bank of New York Mellon would not process payment on its behalf, despite having done so previously." *Red Tree*, 82 F.4th at 173.  These banks were not drawn out of a hat; they were the banks that had processed payments ***to GE on the underlying note in the past***.[7]  *See* Brief for Plaintiff-Appellee at 20, *Red Tree Invs., LLC v. Petróleos de Venezuela, S.A.*, No. 22-0225 (2d Cir. July 18, 2022), ECF 70; *id.* at 20 n.15.  Nothing in *Red Tree* or *Siemens* suggests the decisions are preclusive here; rather, these cases demonstrate impossibility is highly fact specific and turns on whether banks were comfortable processing payments between the parties at issue and on the particular debt issuance at issue.  *See Red Tree*, 82 F.4th at 166-67 (Banks "could—and did—enact stricter policies that combine[] . . . regulatory requirements with the banks' unique risk factors" such that banks "could refuse to process" otherwise legal payments "in some circumstances").  Defendants are clearly not barred from asserting an impossibility defense with respect to all of Defendants' other debt issuances, including the one at issue here.

       D.       <u>Plaintiffs Cite No Basis For Exceeding the Page Limit on Reply</u>

Plaintiffs contend the reason their Reply exceeds this Court's ten-page limit is because they believed Defendants' request for discovery under Rule 56(d) operated as a cross-motion. *See* MTS Opp. at 13-14.  Plaintiffs point to no federal or local rule, nor any court decision, to justify this belief.  Nor can Plaintiffs point to any notice of cross-motion filed by Defendants.

Ignoring the express language of Rule 56(d), which limits the availability of discovery relief to "nonmovant[s]" who are unable to "present facts essential to justify [their] opposition,"

---

[7] The Second Circuit does the same thing in *Siemens*, adjusting the names of the banks to fit those at issue ***in that record***.  *See Siemens*, 82 F.4th at 151-52, 158-59 (listing only banks that had processed payments on the Dresser-Rand debt).

9

Plaintiffs' assumption would effectively grant them twenty-five extra pages for their reply. That cannot be. This Court should accordingly strike the two pages of Plaintiffs' Reply that exceed this Court's ten-page cap on reply memoranda.

### III.   **CONCLUSION**

For the reasons stated above, and the reasons stated in the Motion to Strike, this Court should strike the Ocando Declaration and all portions of Plaintiffs' Reply that refer to or rely on the Ocando Declaration, Exhibits 9 and 10 to the Kolatch Declaration, and all portions of the Reply that exceed this Court's ten-page limit for reply memoranda.

| | |
|---|---|
| Dated: April 12, 2024<br>New York, New York | **PAUL HASTINGS LLP**<br><br> *s/ Kurt W. Hansson*<br>Kurt W. Hansson<br>James L. Ferguson<br>Zachary D. Melvin<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: 212-318-6000<br>Facsimile: 212-319-4090<br>kurthansson@paulhastings.com<br>jamesferguson@paulhastings.com<br>zacharymelvin@paulhastings.com<br><br>*Counsel for Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.* |