UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEATHERFORD SWITZERLAND TRADING AND DEVELOPMENT GMBH, solely in its capacity as Administrative Agent of a certain indenture dated as of June 28, 2016, and WEATHERFORD LATIN AMERICA, S.C.A.,<br><br>Plaintiffs,<br><br>v.<br><br>PETRÓLEOS DE VENEZUELA, S.A. and PDVSA PETRÓLEO, S.A.,<br><br>Defendants. | Case No.: 1:23-cv-10703 |

**DEFENDANTS' RESPONSE TO**
**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Defendants Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo," and together with PDVSA, "Defendants") respectfully submit this response to Plaintiffs Weatherford Latin America, S.C.A. ("Weatherford Latin America") and Weatherford Switzerland Trading and Development GmbH's ("Weatherford GmbH," and together with Weatherford Latin America, "Plaintiffs") renewed motion for summary judgment (the "Motion" or "Mot.") (ECF No. 44).

The Motion does not specify the specific relief Plaintiffs seek (*see* ECF No. 44), but Defendants construe the final paragraph on page eight of Plaintiffs' memorandum of law in support of its motion (ECF No. 45) ("MOL") as its requested relief.

1

Following discovery and upon review of the factual record particular to this action, the Note[1], and the Note Agreement, Defendants take the following positions regarding Plaintiffs' requested relief:

- Specific to the facts of this case, Defendants do not oppose this Court entering judgment in Plaintiffs' favor "for the unpaid principal and interest" due under the Note and Note Agreement. MOL at 8.

- Plaintiffs' Motion does not specify the total amount they seek the Court to enter as their judgment, including the amount of pre-judgment interest Plaintiffs believe they are entitled to or how they propose pre-judgment interest should be calculated. *See generally* Motion; MOL. Defendants, therefore, reserve their rights to challenge Plaintiffs' methodology and calculations for pre-judgment interest when they submit a proposed judgment to the Court.

- Specific to the facts of this case, Defendants do not oppose "post judgment interest in the amount of 8.5% on the entire judgment amount until payment is made." MOL at 8.

- Specific to the facts of this case, Defendants do not oppose Plaintiffs' entitlement to their _reasonable_ "fees, costs and expenses incurred in enforcing the Note and Note Agreement." MOL at 8. Defendants reserve their rights to review and challenge the amount of fees, costs, and expenses Plaintiffs seek, should Plaintiffs make a request to the Court.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in Plaintiffs' MOL in support of its motion (ECF No. 45).

For the avoidance of doubt, Defendants' lack of opposition to judgment being entered against Defendants is based on the specific facts of this case after a review of the discovery that has occurred to date.[2] By not opposing the Motion, Defendants are not agreeing to the characterization of facts or the arguments raised in the MOL, including, but not limited to, Plaintiffs' arguments that emails constitute business records, Plaintiffs' characterization of the personal knowledge of its witnesses, or Plaintiffs' characterization of the law and facts surrounding the defense of impossibility.[3] Nevertheless, in the interest of the parties' and the Court's time and resources, Defendants will not oppose judgment entered in Plaintiffs' favor for the unpaid principal and interest due under the Note and Note Agreement, as specified above.

---

[2] Defendants note that, as of the filing of this response, no third parties have complied with the letters of request issued by this Court, and that Defendants were only provided the ability to seek limited discovery from Plaintiffs.

[3] Impossibility is a fact intensive and case specific inquiry, and Defendants reserve their rights to fully defend any and all other actions brought against them, including by raising the defense of impossibility. Defendants' decision to not oppose Plaintiffs' Motion is not (1) a waiver of Defendants' right to assert the impossibility defense in any other action, (2) evidence of any belief by Defendants that their assertion of an impossibility defense in any other case lacks merit, or (3) an indication that Defendants will not oppose relief sought in any other action.

| | |
|---|---|
| Dated: June 27, 2025<br>     New York, New York | **PAUL HASTINGS LLP**<br><br> *s/ Kurt W. Hansson*     <br>Kurt W. Hansson<br>James L. Ferguson<br>Zachary D. Melvin<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: 212-318-6000<br>Facsimile: 212-319-4090<br>kurthansson@paulhastings.com<br>jamesferguson@paulhastings.com<br>zacharymelvin@paulhastings.com<br><br>*Counsel for Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.* |